

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

June 3, 1976

The Honorable Henry Rothell
Administrator
Texas Employment Commission
Austin, Texas  78778

Opinion No. H-832

Re:  Limitation on politi-
cal activities of employ-
ees of the Texas Employment
Commission.

Dear Mr. Rothell:

You have requested our opinion regarding the statutory
limitation on certain political activities of employees of
the Texas Employment Commission.  Article 5221b-9(d) provides,
in pertinent part:

> The Commission shall not employ or pay
> any person who is an officer or com-
> mittee member of any political party
> organization.

In light of this provision, you ask whether an employee of
the Commission may serve as chairman or other officer of a
political precinct or as a delegate to a county, state or
national party convention.

In our opinion, it is evident that a Commission employee
may not serve as a precinct officer.  Article 13.34(c) of the
Texas Election Code makes clear that a precinct chairman is
an "officer . . . of [a] political party organization."

A convention delegate, however, occupies a somewhat
different status from that of an "officer."  A "delegate"
is defined in common usage as "a person sent and empowered
to act for another . . . as a representative to a convention
or conference (as of a political party)."  Webster's 3d
International Dictionary (1961).  Article 13.34(c) of the
Election Code prescribes the qualifications for serving as a
delegate:

> The only qualifications for serving as
> a delegate to a county or senatorial
> district convention, or to a state
> convention, are that the person be a
> qualified voter residing within the
> territory which he is selected to
> represent and shall be affiliated with
> the party as prescribed in section
> 179a of this Code.

See also art. 13.34(h). Furthermore, no part of the Election Code even implies that a delegate necessarily occupies the status of "officer." As to persons nominated as delegates to a national convention, the Election Code provides that they

> are those persons nominated by the
> delegate selection committees of the
> presidential candidates who qualify
> to participate in the presidential
> primary in accordance with Subdivision
> 3 of this section, and are pledged to
> the presidential candidate on whose
> behalf they are nominated. Art. 13.58a,
> subdivision 2(b).

It is therefore our opinion that a delegate to a county, state or national party convention is not, by virtue of his status as a delegate, an "officer or committee member of [a] political party organization." Accordingly, an employee of the Texas Employment Commission is not disqualified from serving as such a delegate.

### S U M M A R Y

> An employee of the Texas Employment
> Commission may not serve as chairman or
> other officer of a political precinct,
> but may serve as a delegate to a county,
> state or national party convention.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3513

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb